IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DIONNE FOLEY, individually and in her capacity as Guardian of Daniel Foley, III, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT IN INTERPLEADER

Plaintiff Principal Life Insurance Company ("Principal"), for its Complaint in Interpleader, states:

### Parties

1. Principal is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa, and is authorized to do business in North Carolina.

2. On information and belief, Defendant Dionne Foley, individually and as Guardian of Daniel Foley, III ("Dionne") is the surviving spouse of Daniel Foley ("the Decedent"), and resides in Hendersonville, North Carolina.

### Jurisdiction and Venue

3. This Court has original federal question jurisdiction over this action pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331, because the action relates to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

29 U.S.C. § 1001, *et seq.*

4. Dionne is subject to the jurisdiction of this Court.

5. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §1397, because this is an interpleader involving ERISA-governed Plan benefits and the adverse claimant resides in this District.

## Facts

6. The Decedent was an employee of Benton Roofing, Inc. ("Benton") and a participant in an ERISA-regulated employee welfare benefit plan ("the Plan") sponsored and maintained by Benton.

11. Member Life Insurance benefits under the Plan are funded by a Group Life Insurance policy ("the GL Policy") issued to Benton by Principal under Group Policy No. GL 1076213. A copy of the GL Policy is attached as **Exhibit A**.

12. The GL Policy provides Member Life Insurance coverage to full-time employees of Benton.

13. The Decedent had $25,000 in Member Life Insurance coverage under the GL Policy and the Plan (the "Plan Benefits").

15. The Decedent's primary beneficiaries for his Member Life Insurance benefits were Dionne Marie Foley, 100% and Daniel Francis Foley, III, 100%.

16. A copy of the Decedent's Beneficiary Designation dated June 30, 2017, is attached as **Exhibit B.**

17. The Decedent passed away on June 20, 2022. A copy of the Death Certificate is attached as **Exhibit C**.

18. Principal received notice of the Decedent's death on June 29, 2022.

19. On July 25, 2022, Dionne notified Principal that Daniel Foley, III ("Daniel, III") is a disabled adult and claimed entitlement to 100% of the Plan Benefits.

20. By letter dated July, 29, 2022, Principal wrote to Dionne regarding Daniel, III being a beneficiary of the Plan Benefits and requested a claim form completed on behalf of Daniel, III and a copy of the Court document naming the guardian/conservator over Daniel, III's estate. A copy of the July 29, 2022, letter is attached as **Exhibit D**.

21. On or about July 29, 2022, Principal issued payment to Dionne of her undisputed 50% share of the $25,000 in Plan benefits, in the total amount of $12,500.

22. On August 8, 2022, Dionne submitted a Life Claim Information form on behalf of Daniel, III, for his 50% share of the Plan Benefits ("the Remaining Plan Benefits"). A copy of the August 8, 2022, Life Claim Information form is attached as **Exhibit E**.

23. On August 15, 2022, Dionne submitted a Petition for Adjudication of Incompetence and Application for Appointment of Guardian or Limited Guardian. A copy of the Petition is attached as **Exhibit F**.

24. By letters dated August 26, 2022, September 23, 2022, and October 18, 2022, Principal wrote to Dionne advising that the Petition was not sufficient to issue the Remaining Plan Benefits to Daniel, III, because it did not establish guardianship over his estate. Copies of the August 26, 2022, September 23, 3022, and October 18, 2022, letters are attached as **Exhibit G**.

25. By letters dated November 15, 2022, and December 15, 2022, Principal wrote to Dionne advising that the Remaining Plan Benefits could not be paid directly to Daniel, III, because he is an incapacitated adult and the options were: (a) Dionne could obtain a Guardianship or Conservatorship of Daniel, III's estate; or (b) payment of the Remaining Plan Benefits under the North Carolina Uniform Custodial Trust Act ("UCTA"). Copies of the November 15, 2022, and

December 15, 2022, letters are attached as **Exhibit H**.

26. With the November 15, 2022, and December 15, 2022, letters, Principal enclosed an Acceptance by Nominated Custodial Trustee ("the UCTA Acceptance form") for completion by Dionne if she chose to have the Remaining Plan Benefits issued under the UCTA.

27. To date, Dionne has not provided any court document establishing that she has guardianship or conservatorship over Daniel, III's estate, nor has she completed the UCTA Acceptance form.

28. Principal has not been able to determine the proper recipient of the Remaining Plan Benefits payable to Daniel, III, in the amount of $12,500, without risking exposure of itself and the Plan to multiple vexation, litigation, and/or liability.

## Cause of Action in Interpleader

29. As a mere stakeholder, Principal has no interest in the Remaining Plan Benefits (except to recover its attorney's fees and costs of this action). Principal therefore respectfully requests that this Court determine to whom the Remaining Plan Benefits should be paid.

30. Principal is ready, willing, and able to pay the Remaining Plan Benefits, in accordance with the terms of the Plan, to whichever recipient(s) the Court shall designate.

31. Principal will deposit into the Registry of the Court the Remaining Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Principal requests that this Court enter judgment as follows:

(a) Restraining and enjoining Dionne by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against Principal or the Plan, individually or in her capacity as guardian of the person of Daniel, III, for the recovery of

the Remaining Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(b) Requiring that Dionne either establish guardianship over the estate of Daniel, III, or complete the UCTA Acceptance form to facilitate payment of the Remaining Plan Benefits, or upon her failure to do so, that this Court settle and adjust Daniel, III's claim, and determine to whom the Remaining Plan Benefits, plus any applicable interest, should be paid;

(c) Permitting Principal to pay into the Registry of the Court the Remaining Plan Benefits, plus any applicable interest;

(d) Dismissing Principal with prejudice from this action and discharging Principal and the Plan from any further liability upon payment of the Remaining Plan Benefits, plus any applicable interest, into the Registry of this Court or as otherwise directed by this Court;

(e) Awarding Principal its costs and attorney's fees; and

(f) Awarding Principal such other and further relief as this Court deems just, equitable, and proper.

This 23rd day of June, 2023.

/s/ Gemma L. Saluta
Gemma L. Saluta
N.C. State Bar No. 37032
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Gemma.Saluta@wbd-us.com

*Attorney for Principal Life Insurance Company*