IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00161-MR

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>vs.<br><br>DIONNE FOLEY, individually and in her capacity as Guardian of Daniel Foley, III,<br><br>             Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Appoint Guardian Ad Litem [Doc. 4] and the Plaintiff's Motion for Entry of Default [Doc. 6].

## I.    PROCEDURAL BACKGROUND

On June 23, 2023, the Plaintiff initiated this interpleader action against the Defendant Dionne Foley, both individually and in her capacity as the guardian of Daniel Foley, III, a disabled adult. [Doc. 1]. On July 12, 2023, the Plaintiff filed an Affidavit of Service indicating that the Defendant Dionne Foley had been served on July 1, 2023. [Doc. 3].

On September 18, 2023, the Plaintiff filed the present motion seeking the appointment of a guardian ad litem "to advocate on behalf of Daniel Foley, III." [Doc. 4 at 1]. On September 19, 2023, the Court entered an Order, noting that Dionne Foley had not answered or otherwise appeared to defend this action and directing the Plaintiff to take further action against this Defendant. [Doc. 5]. The Plaintiff filed the present motion for entry of default against Ms. Foley on September 22, 2023. [Doc. 6].

## II. FACTUAL BACKGROUND

In its Complaint, the Plaintiff alleges that Dionne Foley is the surviving spouse of Daniel Foley ("the Decedent"), who was a participant in an ERISA-regulated employee welfare benefit plan that funded a group life insurance policy issued by the Plaintiff. [Doc. 1 at ¶ 2, 6]. The Decedent had $25,000 in insurance coverage under this policy, and Dionne Foley and her son Daniel Foley, III, were named as primary beneficiaries of the Decedent's benefits. [Doc. 1 at ¶¶ 13, 15].

Following the death of her husband in June 2022, Dionne Foley notified the Plaintiff that she and her son claimed entitlement to 100% of the insurance proceeds. [Id. ¶¶ 18, 19]. The Plaintiff issued payment to Dionne Foley of her undisputed 50% share of the $25,000 in proceeds, or $12,500. [Id. at 21]. As for the son's claim, the Plaintiff requested court documentation

naming the guardian/conservator over Daniel Foley, III's estate. [Id. at ¶ 20]. In response, Dionne Foley submitted a copy of a Petition for Adjudication of Incompetence and Application for Appointment of Guardian or Limited Guardian filed in Henderson County in 2017, by which Dionne Foley and the Decedent sought to be appointed as guardians of the person for their son. [Id. at ¶ 23; Doc. 1-6]. The Plaintiff advised Ms. Foley in writing that this Petition was not sufficient to issue the remaining plan benefits to Daniel Foley, III, because it did not establish guardianship over his estate. [Doc. 1 at ¶ 24; Doc. 1-7]. The Plaintiff also advised Ms. Foley that she could either (1) obtain a guardianship or conservatorship of her son's estate or (2) execute a form accepting the payment of the remaining plan benefits pursuant to the North Carolina Uniform Custodial Trust Act ("UCTA"). [Doc. 1 at ¶ 25; Doc. 1-8]. To date, however, Ms. Foley has not provided any court document establishing that she has guardianship or conservatorship over her son's estate, nor has she completed the UCTA Acceptance form. [Id. at ¶ 27].

### III. DISCUSSION

Rule 17 of the Federal Rules of Civil Procedure provides, in pertinent part, that an action may be brought by or against an incompetent person by the following representative: a general guardian, a committee, a conservator,

or a like fiduciary. Fed. R. Civ. P. 17(c)(1). If an incompetent person lacks a duly appointed representative, the Court "must appoint a guardian ad litem—or issue another appropriate order—to protect" the incompetent person in the action. Fed. R. Civ. P. 17(c)(2).

Here, the Plaintiff has brought this action against Dionne Foley in her individual capacity and in her capacity as "guardian" of Daniel Foley, III. However, there is nothing in the record to indicate that Dionne Foley is a *general* guardian of her son. To the contrary, the only indication in the record regarding the purported guardianship of Daniel Foley, III is the Petition that Ms. Foley submitted to the Plaintiff, which indicates that she and the Decedent sought to be appointed as guardians of their son's *person*, not as general guardians.[1]

The Plaintiff now moves for the appointment of a guardian ad litem to advocate on behalf of Daniel Foley, III. However, Daniel Foley, III is not a party to this action—only his mother, Dionne Foley, is. As such, there is no party for whom the appointment of a guardian ad litem would be appropriate.

Additionally, Ms. Foley has failed to answer or otherwise defend this action, and a motion for an entry of default is currently pending against her.

---

[1] Moreover, there is nothing in the record to indicate whether this petition was, in fact, granted or what the present status of this guardianship is.

However, if the Court were to enter a default against Ms. Foley now, the case would be terminated as there is no other defendant named in the action.

In light of these circumstances, the Court will deny the Plaintiff's present motions without prejudice. The Plaintiff shall have fourteen (14) days from the entry of this Order to file an amended complaint naming Daniel Foley, III as a defendant. If Mr. Foley is added as a party, the Plaintiff may renew its motions for the appointment of a guardian ad litem and for the entry of default against Ms. Foley, if appropriate.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Appoint Guardian Ad Litem [Doc. 4] and the Plaintiff's Motion for Entry of Default [Doc. 6] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall file an amended complaint naming Daniel Foley, III as a defendant.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge